**FILED**
**May 01, 2023**
**01:30 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Stephen Bassham | ) Docket No. 2022-02-0210 |
| | ) |
| v. | ) State File No. 800835-2022 |
| | ) |
| Lowe's Home Centers, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts the trial court erred in denying his request for a second medical opinion related to alleged bilateral wrist injuries. Specifically, the employee contends he injured his hands and wrists while installing steel shelving in the course and scope of his employment. The employer eventually authorized medical treatment, provided a panel of physicians, and approved a referral to a hand specialist. After one visit, the authorized specialist placed the employee at maximum medical improvement, assigned no permanent impairment, and opined that the employee's condition was related to an underlying pre-existing condition. Thereafter, the employee asked to see another physician for treatment options. Following an expedited hearing, the trial court concluded that the employee was not entitled to a second opinion because his authorized treating physician did not recommend surgery or refer him for a second opinion. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Samuel McPeak, Johnson City, Tennessee, for the employee-appellant, Stephen Bassham

Allison Tomey, Knoxville, Tennessee, for the employer-appellee, Lowe's Home Centers, Inc.

1

**Memorandum Opinion[1]**

Stephen Bassham ("Employee") alleges he injured his hands and wrists while installing metal shelves in the course and scope of his employment with Lowe's Home Centers, Inc. ("Employer"). Employee asserts that after experiencing pain in his wrists and forearms he saw Dr. Timothy Jenkins.[2] Dr. Jenkins reviewed Employee's x-rays, diagnosed him with complete bilateral ligament tears, and recommended physical therapy and an MRI.

Thereafter, Employee notified Employer of the alleged injury, filed a petition for workers' compensation benefits, and was eventually provided a panel of physicians. Employee selected Dr. Clarence Goulding, who saw Employee on one occasion and referred him back to Dr. Jenkins. Dr. Jenkins saw Employee in June 2022 and noted bilateral scapholunate tears, indicating Employee "feels these are [a] work-related event . . . . I would like for him to see my hand partner sometime in the next few weeks to discuss his options." Dr. Jenkins then referred Employee to a hand and upper extremity specialist, Dr. Kenneth Lord, who became Employee's authorized physician. Dr. Lord examined Employee on June 13, 2022, and, upon review of the MRI and x-rays, stated that Employee's imaging results were consistent with bilateral arthritis and "widening at the scapholunate area as well as the progressive deformity on the left side with narrowing radiocarpal joint space." Dr. Lord recommended a steroid injection and conservative treatment, advising Employee that he would be seen on an "as-needed" basis. On August 31, 2022, Dr. Lord placed Employee at maximum medical improvement and assigned no impairment rating or restrictions. Subsequently, in response to a questionnaire sent by Employer, Dr. Lord agreed that Employee's arthritis was "more likely than not an underlying pre-existing condition" and confirmed Employee's date of maximum medical improvement. Employee last received medical treatment in June 2022 and has asked for another physician to provide a second opinion.

An expedited hearing was held on February 14, 2023, at which Employee and his wife both testified and expressed concerns with Dr. Lord's diagnosis of arthritis in light of the objective studies and Dr. Jenkins's treatment. The court also considered certain medical records from Dr. Jenkins, Dr. Goulding, and Dr. Lord. Following the expedited hearing, the trial court determined that Employee is not entitled to a second opinion

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] Employee testified that he was initially seen by his primary care physician, who obtained an EMG and referred him to an orthopedist. These medical records are not contained in the record on appeal; however, as this portion of his medical care is not at issue in this appeal, the absence of these records is not determinative.

because his authorized treating physician did not recommend surgery or refer him for a second opinion.

On his notice of appeal, Employee asserts the trial court erred by denying his request for a second opinion. Employee did not file a brief on appeal consistent with Tenn. Comp. R. and Regs. 0800-02-22-.05(2), but he filed a position statement, in which he asserts that Dr. Jenkins, as an authorized treating physician, "was subsequently nullified resulting in a request for a second opinion to rationally resolve a diagnosis dispute." Employee asserts he is seeking "the presumed treatment" from Employer. In its brief on appeal, Employer asserts the trial court correctly concluded Employee is not entitled to a second opinion under the terms of the relevant statute. We agree.

Tennessee Code Annotated section 50-6-204(a)(3)(C) governs when an injured worker is entitled to a second opinion and provides, in part, as follows:

> When the *treating physician or chiropractor refers the injured employee*, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a physician or chiropractor from a panel of two (2) physicians practicing in the same specialty as the physician *who recommended the surgery*.

(Emphases added.) Here, although Employee appears to assert that Dr. Jenkins is the authorized physician, it is clear that Dr. Lord became Employee's authorized treating physician, as Dr. Jenkins made a direct referral to Dr. Lord that was honored by Employer. *See* Tenn. Code Ann. § 50-6-204(a)(3)(E). Employee's argument that the authorized treating physician was "nullified" is without merit. Dr. Lord has made no surgical recommendations that would trigger Employee's entitlement to a second opinion. *See Petty v. Convention Prod. Rigging*, No. 2016-06-0841, 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *21 (Tenn. Workers' Comp. App. Bd. Dec. 29, 2016) ("The phrase 'as the physician who recommended the surgery' necessarily requires there to be an opinion of a specialist recommending surgery before an injured worker is entitled to a second opinion.") In addition, as the trial court indicated in its order, there was no evidence in the medical record that Dr. Jenkins had recommended surgery.

In reaching its conclusion that Employee is not likely to succeed at a hearing on the merits in proving that he is entitled to a second opinion, the trial court considered the testimony of Employee, the testimony of Employee's wife, and the medical records that were offered into evidence. We conclude that the preponderance of the evidence supports the trial court's determination.

Finally, although we have concluded Employee's arguments in this appeal do not support reversing the trial court's order, we do not find that the arguments were so devoid of merit, or taken solely for delay, as to support a finding that the appeal is frivolous. For

the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Stephen Bassham | ) | Docket No. 2022-02-0210 |
| | ) | |
| v. | ) | State File No. 800835-2022 |
| | ) | |
| Lowe's Home Centers, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 1st day of May, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Samuel K. McPeak | | | | X | sam@hbm-lawfirm.com sandy@hbm-lawfirm.com |
| Allison Tomey | | | | X | aptomey@mijs.com lsgwinn@mijs.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov